

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

December 12, 2014

**VIA ECF and Hand**
The Honorable William H. Pauley, III
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

        Re:    *Peixoto v. SEC,* No. 14-cv-8364 (WHP)

Dear Judge Pauley:

      We write on behalf of Defendant Securities and Exchange Commission ("SEC"), in advance of the conference scheduled for December 17, 2014, and in response to Plaintiff's letter of December 10, 2014. In his letter, Plaintiff requests that, even though the SEC has not yet even responded to the complaint, this Court should nonetheless set a schedule for summary judgment briefing. The SEC objects to this request, and instead respectfully requests that the Court order a stay of discovery in this action pending resolution of the SEC's planned motion to dismiss pursuant to Rule 12.

      The complaint in this case raises a constitutional challenge to SEC administrative proceedings. In September 2014, the SEC initiated an administrative proceeding to determine whether Mr. Peixoto engaged in insider trading in violation of Section 10(b) of the Securities Exchange Act of 1934 (and Rule 10b-5 thereunder); an administrative law judge ("ALJ") serves as the hearing officer and will render an initial decision, which will be subject to review by the Commission. In the suit in this Court, Plaintiff alleges that the SEC's decision to initiate an administrative proceeding, rather than pursuing an enforcement action in a United States district court, violates his equal protection and due process rights under the Fifth Amendment. Plaintiff additionally alleges that the removal framework for SEC ALJs violates separation of powers principles under the Constitution.

      This Court has discretion to stay discovery for "good cause" pending a motion to dismiss. *In re Currency Conversion Fee Antitrust Litigation*, No. MDL 1409, M21-95 (WPH), 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002). In determining whether good cause exists for a stay of discovery, this Court considers whether the motion to dismiss "'appear[s] to have substantial grounds,' or stated another way, 'do[es] not appear to be without foundation in law.'" *Id.* (alterations in original) (quoting *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)). The Court

The Honorable William H. Pauley, III
December 12, 2014
Page 2

additionally considers whether "the issues before the Court are purely questions of law that are potentially dispositive," as well as "the breadth of discovery and the burden of responding to it." *Id.* Each of these factors weighs in favor of a stay of discovery.

First, the Government's dispositive motion will show that the Court lacks subject matter jurisdiction over this action. Congress has established an exclusive remedial scheme in the federal securities laws that requires claims such as Plaintiff's to first be presented to the Commission, with judicial review in the courts of appeals. *E.g.*, 15 U.S.C. § 78y(a)(1). Supreme Court and Second Circuit precedent establish that the creation of such an exclusive review framework deprives this Court of jurisdiction over Plaintiff's claims, which must be presented in the first instance to the Commission. *Altman v. SEC*, 687 F.3d 44, 45-46 (2d Cir. 2012); *see Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994); *see also Chau v. SEC*, Case 1:14-cv-01903-LAK, Dkt. No. 27 (Dec. 11, 2014) (dismissing for lack of subject matter jurisdiction a constitutional challenge alleging that the SEC's use of administrative proceedings before an ALJ deprived them of due process and equal protection).

The Government's dispositive motion likewise will show that Plaintiff's claims fail on the merits.[1] Plaintiff's equal protection claim does not involve a suspect or quasi-suspect class or fundamental right and, accordingly, would be subject to the most deferential rational basis review, as he appears to admit. *See* [Proposed] Civil Case Management Plan and Scheduling Order, ECF Dckt. No. 14, at 2. In order to prevail under the rational basis standard, Plaintiff bears the heavy burden of demonstrating that there is no "reasonably conceivable state of facts that could provide a rational basis" for the SEC's decision, in the exercise of its prosecutorial discretion, to pursue an enforcement action against him before an ALJ rather than in district court. *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993); *see also Smith v. City of Chicago*, 457 F.3d 643, 652 (7th Cir. 2006). Even if Plaintiff's complaint adequately alleged that he was treated differently than other similarly situated individuals, it fails to "negative every conceivable basis which might support" the SEC's prosecution decision and, accordingly, should be dismissed. *Armour v. City of Indianapolis*, 132 S. Ct. 2073, 2080-81 (2012) (quotation omitted); *see also Herman v. Lackey*, 309 Fed. App'x 778, 785 (4th Cir. 2009) (affirming dismissal of complaint under Rule 12(b)(6) standard where complaint failed to negate any "reasonably conceivable set of facts that could provide a rational basis" for the action).

The premise of Plaintiff's other Fifth Amendment claim—that administrative proceedings violate the Due Process Clause because they are governed by rules distinct from those employed in federal district court proceedings—has been rejected by the Supreme Court. *See Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 455 (1977) (holding that there is no right to jury trial for

---

[1] The SEC's assertion of a litigation position on the merits does not undercut the need for Plaintiff to follow the exclusive remedial scheme set out by Congress. *See Thunder Basin Coal Co.*, 510 U.S. at 207-16 (recognizing limited exceptions to the need to use exclusive remedial schemes, none of which applies to this case).

The Honorable William H. Pauley, III
December 12, 2014
Page 3

statutorily created public rights; agency adjudication is appropriate); *Richardson v. Perales*, 402 U.S. 389, 400-02 (1971) (indicating that there is no right to have the Federal Rules of Evidence apply to administrative proceedings). And Plaintiff's attempt to call into question the constitutionality of the nearly seventy-year old administrative law judge system is equally without merit. Plaintiff challenges the tenure protections afforded to ALJs, relying principally upon *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477 (2010). But Plaintiff's allegations ignore the fact that the Supreme Court explicitly distinguished ALJs from the subject of its holding. *Id.* at 507 n.10. Indeed, not only is *Free Enterprise Fund* distinguishable in multiple respects from the circumstances here, but the only Court of Appeals to have considered the premise of Plaintiff's argument—*i.e.,* that ALJs are inferior officers of the United States—has rejected it. *Landry v. F.D.I.C.*, 204 F.3d 1125 (D.C. Cir. 2000).

Second, the motion to dismiss clearly raises questions of pure law. Assuming the Court finds it has jurisdiction to hear this case at all, the claims raised in the Complaint present legal questions that should be resolved on the merits without need for developing a factual record. For example, the Court's resolution of the question of whether the SEC ALJ's tenure provisions contravene separation of powers principles will rest upon an examination of the relevant statutes and regulations governing SEC ALJs, and the scope of their duties and authority. Moreover, because Plaintiff's equal protection claim is subject to a rational basis standard of review, it can likewise be resolved without the need for discovery. *Connolly v. McCall*, 254 F.3d 36, 42 (2d Cir. 2001) (citing *Knapp v. Hanson*, 183 F.3d 786, 789 (8th Cir. 1999) ("When all that must be shown is any reasonably conceivable state of facts that could provide a rational basis for the classification, it is not necessary to wait for further factual development." (quotation omitted))); *accord Gross v. United States*, 771 F.3d 10 (D.C. Cir. 2014).

Finally, Plaintiff's contemplated discovery is burdensome, both because the discovery he seeks is not reasonably calculated to lead to the discovery of admissible evidence, and because he seeks privileged information from the SEC's investigative files, including core deliberative process and attorney-client information about SEC internal prosecutorial charging decisions. Specifically, Plaintiff seeks, among other things, to take discovery as to how the SEC arrived at charging decisions in an unspecified number of insider trading cases.

Accordingly, a stay of discovery is appropriate in this case. Assuming the Court determines that it has jurisdiction and that any claims survive, and further assuming that the Court determines that resolving this case requires the development of a factual record, any discovery can be appropriately focused on the issues that have been identified by the Court.

We thank you for your consideration of this motion.

The Honorable William H. Pauley, III
December 12, 2014
Page 4

| | |
|---|---|
| Dated:  December 12, 2014 | Respectfully submitted |
| PREET BHARARA<br>United States Attorney | JOYCE R. BRANDA<br>Acting Assistant Attorney General |
| JEANNETTE A. VARGAS<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>Southern District of New York<br>86 Chambers Street, 3rd Fl.<br>New York, NY 10007<br>Telephone: (212) 637-2678<br>Facsimile:  (212) 637-2702 | KATHLEEN R. HARTNETT<br>Deputy Assistant Attorney General<br><br>JENNIFER D. RICKETTS<br>Director, Federal Programs Branch<br><br>SUSAN K. RUDY<br>Assistant Director, Federal Programs Branch<br><br>*s/ Justin M. Sandberg*<br>JUSTIN M. SANDBERG<br>JEAN LIN<br>LISA ZEIDNER MARCUS<br>ADAM GROGG<br>U.S. Dept. of Justice, Civil Division,<br>Federal Programs Branch<br>20 Mass. Ave., N.W., Rm. 7302<br>Washington, DC 20001<br>Phone: (202) 514-5838<br>Fax: (202) 616-8202<br>Email: justin.sandberg@usdoj.gov |